IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
LEAH PEREGRINE and KELLY      )
LAMBERTY,                     )
                              )
        Plaintiffs,           )
                              )
    v.                        )      1:22-cv-88
                              )
MID ATLANTIC ROOFING SYSTEMS, )
INC.,                         )
                              )
        Defendant.            )
```

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Before this court is Defendant Mid Atlantic Roofing Systems, Inc.'s Partial Motion to Dismiss Amended Complaint. (Doc. 11.) Defendant has filed a brief in support of its motion, (Doc. 12), Plaintiffs have responded in opposition, (Doc. 13), and Defendant has replied, (Doc. 14). For the reasons set forth herein, Defendant's motion will be denied.

Plaintiff moves for leave to file a surresponse brief in opposition to Defendant's motion to dismiss. (Doc. 15.) That motion will be denied.

I.  **BACKGROUND**

On a motion to dismiss, a court must "accept as true all of the factual allegations contained in the complaint . . . ." Ray

v. Roane, 948 F.3d 222, 226 (4th Cir. 2020) (quoting King v. Rubenstein, 825 F.3d 206, 212 (4th Cir. 2016)).[1]

Defendant Mid Atlantic Roofing Systems, Inc. ("Mid Atlantic") is a North Carolina corporation with its principal place of business in Forsyth County, North Carolina. (Am. Compl. (Doc. 9) at 8.)[2] Mid Atlantic is a residential and commercial roofing, roofing repair, gutter, and window company. (Id. at 2.) Plaintiff Kelly Lamberty ("Lamberty") is a citizen and resident of Forsyth County, North Carolina, (id. at 8), and Plaintiff Leah Peregrine ("Peregrine") is a citizen and resident of Randolph County, North Carolina, (id.). As relevant here, Peregrine worked as an administrative assistant for Mid Atlantic

---

[1] Plaintiff's complaint contains several policy allegations and subjective opinions concerning the Fair Labor Standards Act, (Am. Compl. (Doc. 9) ¶ 10), and the misclassification of employees as independent contractors, (id. ¶¶ 11-16), all of which are irrelevant to the complaint. Plaintiffs' allegations violate Fed. R. Civ. P. 8, which requires that a pleading contain "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). Fed. R. Civ. P. 10(b) states that pleadings should identify the specific facts on which each claim is based. See Fed. R. Civ. P. 10(b). Whether "misclassification is a widespread problem," (Am. Compl. (Doc. 9) ¶ 12), or whether "North Carolina took a strong stance against misclassification," (id. ¶ 16), are subjective opinions irrelevant to the complaint; these allegations will be disregarded by this court in evaluating the motion to dismiss.

[2] All citations in this Memorandum Opinion and Order to documents filed with the Court refer to the page numbers located at the bottom righthand corner of the documents as they appear on CM/ECF.

from February 3, 2020 to June 5, 2020. (Id. at 9.) Lamberty worked as an executive assistant for Mid Atlantic from July 7, 2019 to January 1, 2020, and as an office manager for Mid Atlantic from January 1, 2020 until August 4, 2020. (Id.)

Both Peregrine and Lamberty allege that they were misclassified by Mid Atlantic as independent contractors and, instead, should have been classified as employees owed, inter alia, overtime pay. (Id. at 8, 26.) Based on the relevant factual allegations, Plaintiffs assert three claims for relief: (I) violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; (II) declaratory judgment establishing that Plaintiffs were non-exempt employees; and (III) violation of the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1, et seq. (Id. at 25-30.) This court has jurisdiction over the Fair Labor Standards Act claim pursuant to 28 U.S.C. § 1331. This court has jurisdiction over the related state wage and hour act claims because these claims are part of the same case or controversy under Article III. See 28 U.S.C. § 1367.

Plaintiffs filed their original complaint in this court on February 1, 2022. (Doc. 1.) Plaintiffs thereafter filed an amended complaint on March 8, 2022. (Am. Compl. (Doc. 9).) The amended complaint is now the operative pleading. See Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001).

- 3 -

Mid Atlantic moves to dismiss the claims arising under the North Carolina Wage and Hour Act as barred by the applicable two-year statute of limitations. (Partial Mot. to Dismiss Am. Compl. (Doc. 11) at 1.) Plaintiffs respond that Mid Atlantic's motion should be denied, at least in part, because equitable tolling applies and because each underpayment was a separate and distinct violation, such that multiple violations occurred after February 1, 2020. (Pl. Lamberty's Br. in Opp'n to Def.'s Partial Mot. to Dismiss ("Pl.'s Resp.") (Doc. 13) at 4-9, 9-12.)

The parties do not dispute the applicable statute of limitations of two years for claims arising under the North Carolina Wage and Hour Act. See N.C. Gen. Stat. § 95-25.22(f); (Compare Br. in Supp. Of Def.'s Partial Mot. to Dismiss Am. Compl. ("Def.'s MTD Br.") (Doc. 12) at 5, with Pl.'s Resp. (Doc. 13) at 5.) Plaintiffs filed their original complaint on February 1, 2022, establishing a limitations period beginning February 1, 2020. At least part of the complained-of activity occurred within two years prior to filing the complaint: Peregrine worked as an administrative assistant for Mid Atlantic from February 3, 2020 to June 5, 2020, (Am. Compl. (Doc. 9) at 9), and Lamberty worked as an office manager from January 1, 2020 until August 4, 2020, (id.). The only claims subject to dismissal due to Defendant's motion are Lamberty's claims for

- 4 -

damages from her term as office manager from January 1, 2020 until February 1, 2020 and from her term as executive assistant from July 7, 2019 to January 1, 2020. (See id.) For purposes of its motion to dismiss, Defendant concedes that the alleged violations of the North Carolina Wage and Hour Act would likely be treated in the same manner as Equal Pay Act cases under the Fair Labor Standards Act. (Def.'s Reply to Pls.' Resp. Br. in Opp'n to Partial Mot. to Dismiss Am. Compl. ("Def.'s Reply") (Doc. 14) at 7 n.3.)

II. **PLAINTIFF'S MOTION TO FILE SURRESPONSE**

Lamberty moves for leave to file a surresponse to Mid Atlantic's reply. (Doc. 15.) Lamberty contends that Mid Atlantic's argument in its reply distinguishing Cruz v. Maypa, 773 F.3d 138 (4th Cir. 2014), (see Def.'s Reply (Doc. 14) at 2-4), is a new argument warranting a surresponse. (Doc. 15 at 2.) This court disagrees.

"Surreplies are generally disfavored." Olvera-Morales v. Int'l Labor Mgmt. Corp., 246 F.R.D. 250, 254 (M.D.N.C. 2007). Further, the Rules of Practice and Procedure of the United States District Court for the Middle District of North Carolina only provide for the filing of a motion, a response to a motion, and a reply. See LR 7.3; see also DiPaulo v. Potter, 733 F. Supp. 2d 666, 670 (M.D.N.C. 2010). Generally, parties do not

- 5 -

have the right to file a surreply; they may do so only when fairness dictates, such as when new arguments are raised in the reply brief. See United States v. Falice, No. 1:04CV878, 2006 WL 2488391, at *7 (M.D.N.C. Aug. 25, 2006) (denying leave to file a surreply when no new arguments were raised in the reply).

In its reply brief, Mid Atlantic fairly attempts to distinguish Cruz in response to Plaintiffs' substantial reliance on that case in their response. (Def.'s Reply (Doc. 14) at 2-4.) This is not new argument but is a fair response to Plaintiffs' argument — and it is one that Plaintiffs should have anticipated in fashioning their response. The proposed surreply does not allege new arguments, nor does it change the analysis set forth herein. Lamberty's motion for leave to file a surresponse, (Doc. 15), will be denied.

### III. DEFENDANT'S MOTION TO DISMISS

With respect to Mid Atlantic's motion to dismiss Plaintiffs' North Carolina state law claim, (Doc. 11), a federal court sitting in diversity or supplemental jurisdiction applies state substantive law and federal procedural law. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 72-73, 79-80 (1938); Hanna v. Plumer, 380 U.S. 460, 465-66 (1965); see also United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) (holding that federal courts are "bound to apply state law" to pendant claims); In re Exxon

Valdez, 484 F.3d 1098, 1100 (9th Cir. 2007) (finding that <u>Erie's</u> central holding applies to supplemental jurisdiction cases).

When exercising supplemental jurisdiction, this court "has a duty to apply the operative state law as would the highest court of the state in which the suit was brought." <u>Liberty Mut. Ins. Co. v. Triangle Indus.</u>, 957 F.2d 1153, 1156 (4th Cir. 1992). If the state's highest court has not addressed an issue, then a "state's intermediate appellate court decisions constitute the next best indicia of what state law is, although such decisions may be disregarded if the federal court is convinced by other persuasive data that the highest court of the state would decide otherwise." <u>Id.</u> (citations and internal quotation marks omitted).

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable" and demonstrates "more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556–57). When ruling on a motion to dismiss, this court

accepts the complaint's factual allegations as true. Id. Further, this court liberally construes "the complaint, including all reasonable inferences therefrom, . . . in the plaintiff's favor." Estate of Williams-Moore v. All. One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 646 (M.D.N.C. 2004) (citation omitted). This court does not, however, accept legal conclusions as true, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

Claims are not ordinarily dismissed due to statutes of limitations at the 12(b)(6) stage unless the "complaint sets forth on its face the facts necessary to conclude that plaintiff's claims are barred by the statute of limitations." Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (emphasis omitted); see also Richmond, Fredericksburg & Potomac R.R. Co. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993) (explaining that a statute of limitations "defense may be raised under Rule 12(b)(6), but only if it clearly appears on the face of the complaint") (citations omitted).

At this stage of proceedings, the pleadings establish that Lamberty's claims under the North Carolina Wage and Hour Act, will not be dismissed. For purposes of the North Carolina Wage and Hour Act, at least some instances of the alleged

- 8 -

misclassification are alleged to have occurred after February 1, 2020. Lamberty alleges misclassification through August 2020. It appears to this court — and Mid Atlantic does not challenge this fact at this stage — that these may be separate and distinct violations of the North Carolina Wage and Hour Act that preclude dismissing the North Carolina state claims in their entirety. Therefore, this court will not dismiss those claims.

With respect to the violations arising prior to February 1, 2020, Mid Atlantic makes a number of compelling arguments as to why those claims are not actionable. However, this court finds that determination should be deferred to summary judgment pursuant to Fed. R. Civ. P. 12(i), when the court may better assess specific issues as to liability and damages.

The parties engage in substantial argument as to whether the required wage and hour notices, or lack thereof, should be considered in determining whether Lamberty's claims arising prior to February 2020 are subject to equitable tolling. Plaintiffs allege that Mid Atlantic did not post notices as required by the North Carolina Department of Labor. (See Am. Compl. (Doc. 9) at 9, 27, 28-29.) The parties dispute what those notices might contain or how that affects an equitable tolling analysis. (Compare Pl.'s Resp. (Doc. 13) at 5-9, with Def.'s MTD Br. (Doc. 12) at 6-9, and Def.'s Reply (Doc. 14) at 4-7.)

- 9 -

Neither party cites North Carolina law on equitable tolling or a discovery rule in support, relying instead on federal law. (See Pl.'s Resp. (Doc. 13) at 6–7; Def.'s Reply (Doc. 14) at 4–7.) This court finds it necessary and appropriate to defer these issues to summary judgment or trial pursuant to Fed. R. Civ. P. 12(i) and to a time when a more complete factual record is established. That record will allow the court to determine whether a ruling on an unsettled issue of state law is necessary.

At a later point in this case, it may become clear through discovery that some or all of the alleged conduct falls outside the relevant statute of limitations or is subject to equitable tolling. However, it is not clear from the face of Plaintiffs' amended complaint that any specific claims are time-barred, and this court will not presently dismiss any claims for that reason.

Accordingly, this court finds that Mid Atlantic's motion to dismiss, (Doc. 11), should be denied without prejudice and deferred to summary judgment or trial pursuant to Fed. R. Civ. P. 12(i). Should Mid Atlantic choose to pursue this issue at summary judgment or trial, a new motion and brief raising and addressing that issue should be filed.

**IV. CONCLUSION**

For the foregoing reasons,

**IT IS THEREFORE ORDERED** that Lamberty's Motion to File Surresponse Brief in Opposition to Defendant's Partial Motion to Dismiss, (Doc. 15), is **DENIED.**

**IT IS FURTHER ORDERED** that Mid Atlantic's Partial Motion to Dismiss Amended Complaint, (Doc. 11), is **DENIED WITHOUT PREJUDICE** and **DEFFERED TO SUMMARY JUDGMENT OR TRIAL** pursuant to Fed. R. Civ. P. 12(i).

This the 15th day of March, 2023.

_____
United States District Judge